UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE C. MCCANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV710 CDP |
| | ) | |
| NEW WORLD PASTA CO., | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Clarence McCann filed this age and disability discrimination case against his employer New World Pasta on May 8, 2009. With his complaint McCann also filed motions for appointment of counsel and to proceed *in forma pauperis*. I granted McCann leave to proceed *ifp* on June 2, 2009 and have not yet ruled on his motion for appointment of counsel.[1] This case has not been set for a Rule 16 scheduling conference and discovery is not yet permitted. See Fed. R. Civ. P. 26(d); E.D.Mo. L.R. 26-3.01.

New World Pasta filed a motion to dismiss under Federal Rule of Civil

---

[1] New World Pasta decided to oppose McCann's request for a lawyer, stating its belief that he should not be considered impoverished because he is working. McCann disclosed his salary to the Court in his affidavit in support of his motions, and the Court appropriately considered that factor in its determination that McCann was eligible to proceed *ifp*. Moreover, a plaintiff's financial status is not the only factor that I am to consider when deciding whether to appoint a lawyer in an employment discrimination case. I will hold the motion for appointment of counsel in abeyance until the Rule 16 conference.

Procedure 12(b)(6). New World asks me to convert the motion into a motion for summary judgment because it filed a nine-page statement of "uncontroverted" material facts and an eight-page affidavit with nine accompanying exhibits in support of its contention that McCann's complaint fails to state claims upon which relief may be granted. "The Court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." Stahl v. United States Department of Agriculture, 327 F.3d 697, 701 (8th Cir. 2003) (internal quotation marks and citations omitted). Because discovery has not begun, I will exercise my discretion, and will *not* rely on matters outside the pleadings in deciding this motion.

When deciding a motion to dismiss under Rule 12(b)(6), the court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). "The motion will succeed or fail based upon the allegations contained in the face of the complaint." McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted). However, the factual allegations in the complaint must be more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Having carefully considered McCann's allegations in

light of the relevant standards, New World Pasta's motion to dismiss must be denied. Whether McCann will ultimately prevail on his claims, after both parties have had the opportunity to conduct discovery and test each other's versions of events, is not before me at this stage of the proceedings. The motion to dismiss will be denied.

This case will be set for a Rule 16 scheduling conference by separate Order. Although McCann has a pending motion for appointment of counsel, I will not consider this motion until the conference, and McCann must understand that he must represent himself *pro se* unless and until I grant his motion. This means that McCann is responsible for complying with all of my Orders, including the Order setting this case for a Rule 16 conference, as well as the Federal and Local Rules of Civil Procedure. Failure to comply with my Orders or the governing rules of procedure could result in sanctions, including dismissal of the complaint with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#11] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2009.